# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL A. NELSON (#32903-077 ),** | ) | |
| | ) | |
| **Plaintiff,** | ) | Case No. 09 C 0107 |
| | ) | |
| v. | ) | Judge Joan B. Gottschall |
| | ) | |
| **HARRIS N.A., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Michael A. Nelson, presently an inmate at the Metropolitan Correctional Center, brings this *pro se* action. Plaintiff claims that the Defendants – Harris N.A, Harris Bankcorp, Inc, and Bank of Montreal – violated his right to privacy by gaining access to his criminal history without his authorization. Presently pending before the Court is Defendants' motion to dismiss. Plaintiff has filed multiple documents in response to Defendants' motion and the Court has taken these documents into consideration in addressing the parties' arguments; these documents include Plaintiff's supplemental brief.

## LEGAL STANDARD

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court takes the allegations in the complaint as true, viewing all facts – as well as any inferences reasonably drawn therefrom – in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bell Atlantic Corp.,* 550 U.S. 544, 555-56 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n. 1,

(2002)). However, some factual allegations my be "so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claims." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. Aug. 20, 2009) (quoting *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)).

Federal Rule of Civil Procedure 8(a)(2) requires, in relevant part, that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to " give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Rule 8 reflects a liberal notice pleading requirement that focuses the 'litigation on the merits of the claim' rather than some technicality that might keep a plaintiff out of court. *Brooks*, 578 F.3d at 580 (quoting *Swierkiewicz*, 534 U.S. at 514. Alleging specific facts is not required. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). However, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic,* 550 U.S. at 555. The plaintiff's claim must be "plausible" in that there are "enough facts to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's allegations. *Bell Atlantic*, 550 U.S. at 556.

Furthermore, "a court need not accept as true 'legal conclusions[, or t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks*, 578 F.3d at 581 (quoting *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009)). Plaintiffs cannot "merely parrot the statutory language of the claims that they are pleading . . . rather than providing some specific facts to ground those legal claims. . . ." *Brooks*, 578 F.3d at 581. "[C]ourts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal arguments." *Brooks*, 578 F.3d at 581.

2

In addition, in determining whether subject matter jurisdiction exists, the court may also look beyond the allegations of the complaint and review whatever evidence has been submitted on the issue. *See Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *See Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001).

**ANALYSIS**

Plaintiff alleges that in January 2005, David Crawford, an employee of Harris Bank, contacted the Federal Bureau of Investigations (FBI) and informed an FBI investigator that, as part of an investigation the bank was conducting into bad checks with an account with Cano Publishing, it had learned that Plaintiff had an outstanding federal warrant for his arrest. Defendants learned this information by accessing Plaintiff's criminal history without his permission. Plaintiff alleges that he was never a Harris Bank customer, never had an account with the Defendants, and never gave Defendants permission to access his personal information. The information provided by the bank facilitated Plaintiff's criminal prosecution in Case No. 06 CR 0005.

In July 2008, Plaintiff filed suit against the multiple defendants, including the Defendants in the present case. *See Nelson v. Harris Trust & Savings Bank, et al*, Case No. 08 C 4285 (Shadur, J.). Plaintiff's complaint in 08 C 4285 alleged fraudulent misrepresentations and omissions by the defendants in providing the United States with information to facilitate Plaintiff's criminal prosecution in Case No. 06 CR 0005. On July 31, 2008, Judge Shadur granted Plaintiff's motion for leave to proceed *in forma pauperis* and dismissed the case without prejudice to Plaintiff filing the action in the state court of proper jurisdiction. Judge Shadur found that the court lacked jurisdiction over the suit because complete diversity did not exist between Plaintiff and the defendants in light of both Plaintiff and the defendants sharing Illinois citizenship. (*See* Doc. # 6).

Plaintiff did not contest that order in any manner.

In January 2009, Plaintiff filed the instant suit, asserting claims of fraudulent misrepresentation, violations of the Privacy Act of 1974, and violations of Plaintiff's First Amendment right to privacy. Plaintiff's complaint alleged jurisdiction based on diversity of the parties. The complaint did not include any statements regarding Plaintiff's domicile but it did indicate that at the time that he filed the complaint he was an inmate at the Jerome Combs Detention Center in Kankakee, Illinois. The complaint alleged that at least one of the Defendants, Harris N.A., was an Illinois corporation with its principal place of business in Illinois. Following the Defendants' initial motion to dismiss, which sought dismissal of Plaintiff's complaint for lack of diversity, Plaintiff filed an amended complaint that stated that he is domiciled in Orlando, Florida, and that he was in Illinois only because of his incarceration. Plaintiff's amended complaint, as well as his multiple pleadings following the Defendants' present motion to dismiss, contend that the Court has jurisdiction either under 28 U.S.C. §§ 1332(a) or 1331.

**A. Jurisdiction Pursuant to Section 28 U.S.C. § 1332(a)**

For diversity jurisdiction to lie in federal court, diversity must be complete, meaning that no plaintiff may be a citizen of the same state as any defendant. *See McReady v. Ebay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006); 28 U.S.C. § 1332(a). A prisoner is a citizen of the state of which he was a citizen prior to being sent to prison unless he plans on living elsewhere when he is released, in which event he is a citizen of that state. *See Singletary v. Continental Illinois National Bank & Trust Co.*, 9 F.3d 1236, 1238 (7th Cir. 1993).

Plaintiff, relying on the allegation in his amended complaint that he is domiciled in Florida and the fact that Defendants learned certain information from an Orlando, Florida detective, argues

4

that complete diversity exists because he is domiciled in Florida. However, in light of the Court's dismissal of Plaintiff's previous suit (08 C 4285) for lack of diversity jurisdiction, against the same Defendants based on the same factual allegations, Plaintiff is precluded from re-litigating whether diversity jurisdiction exists in his most recently filed suit. *See Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999) (a jurisdictional dismissal precludes re-litigation of the ground of that dismissal); *Magnus Electronics, Inc. v. La Republica Argentina*, 830 F.2d 1396, 1400-1401 (finding the plaintiff was barred by *res judicata* (now referred to as issue preclusion or collateral estoppel) from re-litigating issue of jurisdiction in a subsequent suit and the plaintiff could not simply add more factual allegations in the subsequent suit to establish jurisdiction when those facts were known at the time the first suit was filed); *Murray v. Gibbs*, No. 01 C 550-C, 2001 WL 34379615 at * 1 (W.D. Wis. Oct. 19, 2001) (prisoner cannot re-litigate whether court has subject matter jurisdiction where previous complaint against the same defendant and based on the same facts was dismissed for lack of subject matter jurisdiction); *see also Perry v. Sheahan*, 222 F.3d 309, 318 (7th Cir. 2000) (plaintiff cannot re-litigate issue of standing in subsequent suit). Thus, Plaintiff is barred from re-litigating whether diversity jurisdiction exists in the present case and he cannot bring the instant suit in this Court based on diversity jurisdiction.

**B. Jurisdiction Pursuant to Section 28 U.S.C. § 1331**

Section 1331 provides the district courts with original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

Plaintiff alleges that Defendants violated the Privacy Act of 1974, 5 U.S.C. § 552a, *et seq*. However, only United States government agencies can be held liable under the Privacy Act of 1974. *See* 5 U.S.C. § 552a(g); *Polchowski v. Gorris*, 714 F.2d 749, 752 (7th Cir. 1983); *Lengerich v.*

*Columbia College*, 633 F. Supp. 2d 599, 605 (N.D. Ill. 2009 (Norgle, J.). None of the present Defendants are federal agencies. Thus, Plaintiff has failed to state a claim upon which relief can be granted for a violation of the Privacy Act of 1974, and jurisdiction cannot be based on the alleged violation of a federal law.

Plaintiff also appears to be attempting to establish jurisdiction in this Court by alleging that the Defendants' conduct violated his constitutional right to privacy. (*See* Plaintiff's unopposed motion to Defendants' motion for extension of time to file a reply memorandum, Doc. # 62). In order to proceed on this claim, Plaintiff would need to establish jurisdiction based on either 42 U.S.C. § 1983 or as an action pursuant to *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971). Plaintiff cannot do either. To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege: (1) the conduct complained of was committed by a person acting under color of law and (2) the conduct deprived him of a right secured by the Constitution or laws of the United States. *See Estate of Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007); *Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003). Plaintiff does not allege, nor can such an allegation be reasonably inferred, that any of the Defendants are state actors. Similarly, a *Bivens* action may only be brought against federal actors. *See Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). Plaintiff does not allege, nor can such an allegation be reasonably inferred, that any of the Defendants are federal actors.

Based on the above Plaintiff has failed to establish that this Court has jurisdiction over his claims under either Section 1331 or 1332. In light of the lack of jurisdiction, the Court need not address Defendants' other arguments.

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss [37] is granted. Plaintiff's amended complaint is dismissed for lack jurisdiction. The dismissal is without prejudice to Plaintiff filing his claim or claims in a court of competent jurisdiction. Plaintiff's motion for leave to file a supplemental brief [64] is granted. All other miscellaneous motions [53], [54], [55], [59], [62] are denied as moot.

Dated: November 3, 2009 _____/s/_____
Joan B. Gottschall
United States District Court Judge