IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL A. NELSON,

    Plaintiff,

v.

HARRIS, N.A., et al.,

    Defendants.

Case No. 09-cv-00107

Hon. Joan B. Gottschall, Judge

PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS FOR

PLAINTIFF'S MOTION FOR CORRECTION AND

PLAINTIFF'S SECTION 1653 AMENDMENT AND

<u>PLAINTIFF'S SECOND MOTION TO ALTER OR AMEND A JUDGMENT AND OTHER RELIEF</u>

NOW COMES, Michael A. Nelson, Plaintiff, proceeding pro se in the above styled action. Now filing the above styled motion pursuant to Rule 12(c), Federal Rules of Civil Procedure. In support thereof.

1.) On December 8, 2009, Plaintiff filed Plaintiff's Motion for Correction and Plaintiff's Section 1653 Amendment and Plaintiff's Second Motion to Alter or Amend a Judgment and Other Relief ( collectively "Plaintiff's Motions") which included newly discovered evidence pursuant to Rule 59(e) based on the judgment entered on Monday, November 30, 2009. <u>See</u> Docket Entry 74. The District Court received Plaintiff's Motions on December 11, 2009, which were timely and Plaintiff's Motions were also pursuant to Rule 60(a), Rule 10(c) and 28 U.S.C § 1653 in light of the District Court's oversight and omission in Docket Entry 74.

2.) On December 10, 2009, Plaintiff provided the Defendants with a Notice of Motion

of Plaintiff's Motions. Which was also filed with the District Court and received on December 14, 2009. On December 17, 2009 and thereafter because of institutional constraints the Defendants were served with a complete service copy of Plaintiff's Motions which included the exhibits and affidavits. See Exhibit 1.

3.) The District Court has jurisdiction to grant Plaintiff's Motions and Plaintiff's Section 1653 Amendment. See e.g. McMahon v. Bunn-O-Matic Corp., 150 F.3d 653, (7th Cir. 1998)("An allegation of residence is inadequate. Steigleder v. McQuesten, 198 U.S. 141, 25 S.Ct. 616, 49 L.Ed. 986 (1905)"); See e.g. Hukic v. Ocwen Loan Servicing, Slip Opinion 07-3826 at *13 (7th Cir., decided on November 20, 2009)(relevant to granting motion to amend pleadings under 28 U.S.C. § 1653 to supply missing jurisdictional details).

4.) In McMahon v. Bunn-O-Matic Corp, 150 F.3d 654 (7th Cir. 1998), the Seventh Circuit Court of Appeals stated in part "After a false start, Bunn has filed a proposed amendment to the notice of removal to put the jurisdictional details in the record. See 28 U.S.C. § 1653...These facts--we have no reason to doubt that they are facts--mean that the suit comes with federal jurisdiction under § 1332(a)(1). The motion to amend the pleadings under § 1653 to show the existence of jurisdiction is accordingly granted, and we move on to the merits--with a reminder to the district court and future litigants that it is best to attend to this issue at the outset, before unpleasant discoveries about jurisdictional facts require the parties and the judge to bemoan the waste of the time and money invested in the litigation."

WHEREFORE, Plaintiff prays and respectfully respect that this Court grant Plaintiff's Motion for Judgment on the Pleadings for Plaintiff's Motion for Correction and Plaintiff's Section 1653 Amendment and Plaintiff's Second Motion to Alter or Amend a Judgment and Other Relief.

Dated: December 23, 2009               Respectfully Submitted,

*[signature]*

Michael A. Nelson


## CERTIFICATE OF SERVICE

I, Michael A. Nelson, state that a true and correct copy of: PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS FOR PLAINTIFF'S MOTION FOR CORRECTION AND PLAINTIFF'S SECTION 1653 AMENDMENT AND PLAINTIFF'S SECOND MOTION TO ALTER OR AMEND A JUDGMENT AND OTHER RELIEF was mailed to the following party shown below, by depositing same in the Metropolitan Correctional Center - Chicago, inmate legal mail system, in properly addressed, and sealed envelope with proper postage prepaid on December 23, 2009.

1.) Mr. Richard A. Wohlleber, Attorney At Law, Chapman and Cutler, LLP, 111 West Monroe Street, Suite 1600, Chicago, Illinois, 60603-4080.


Dated: December 23, 2009               Respectfully Submitted,

Michael A. Nelson
*[signature]*

Michael A. Nelson

Thursday, December 17, 2009

Mr. Richard A. Wohlleber

Attorney At Law

Law Offices of Chapman and Cutler, LLP

111 West Monroe Street, Suite 1600

Chicago, Illinois 60603-4080


RE: <u>Nelson v. Harris, N.A., et al</u>, Case No. 09-cv-00107 (N.D. Ill)


Mr. Wohlleber

    Please find enclosed your service copy of the Plaintiff's Motion For Correction and Plaintiff's Section 1653 Amendment and Plaintiff's Second Motion to Alter or Amend A Judgment and Other Relief received by the District Court on December 11, 2009.

    Pursuant to the Proof of Service filed with the filing a service copy could not be mailed until "December 14, 2009 or thereafter" because the Metropolitan Correctional Center ("MCC") law library was closed, etc. Notwithstanding the institutional contraints of the MCC-Chicago I did provide you with a Notice of Motion which was received by the District Court on December 14, 2009 which did expound on the institutional constraints and clearly informed you of said filing.

    For the week ending December 18, 2009, the last day legal mail was picked up by the MCC-Chicago staff was on Thursday, December 17, 2009. Because legal mail has never been picked up on Friday since my arrival here at the MCC. Normally the next legal mail pick-up day will be on either Sunday, December 20, 2009 or Monday, December 21, 2009. At which time I promptly placed your service copy with exhibits and affidavits into the MCC-Chicago legal mail process with staff for mailing.

    Finally once again I have enclosed a complete copy of the above filing and copy

EXHIBIT 1

of all exhibits and affidavits included with the filing. As result you have clearly been more than notified and not prejudiced. Especially since you are an established law firm since 1877 and have immediate access to both the internet and pacer.gov. Where I know you should receive email notifications of all filings and can easily download all docket entries 24 hours a day, 7 days a week. Which is confirmed by your previous admission to the District Court in a prior pleading on October 7, 2009. See Defendants' Motion for Extension of Time. Which was granted by the District Court on October 15, 2009. You clearly stated in the pleading "Apparently, because Plaintiff is a federal prisoner and does not have access to the Court's electronic filing system, it takes some time for his pleadings to be inputted into the system <u>before being sent to counsel of record</u>.".

Sincerely,

*[signature]*

Michael A. Nelson


cc: file

EXHIBIT 1